UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINITY METTS-MONTEZ,<br><br>            Petitioner,<br><br>      v.<br><br>MICHAEL PALLARES,<br><br>            Respondent. | No.  2:21-cv-0400 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent filed a motion to dismiss this action alleging the petition was filed beyond the one-year statute of limitations, and claim three fails to state a cognizable federal claim.  As set forth below, the undersigned recommends that the motion be granted.

I. Motion to Dismiss

    A. Standards Governing Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

(1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Statute of Limitations

1. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).[1]

2. Chronology[2]

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

---

[1] As set forth above and noted by respondent, the limitations period may begin running later under certain specified circumstances, 28 U.S.C. § 2244(d)(1)(B), (C), & (D), but none of these circumstances apply here.

[2] Under the mailbox rule, a pro se prisoner's habeas petition or other pleading is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). Petitioner is afforded the benefit of the mailbox rule for each petition identified herein.

2

1. Petitioner was convicted in the Sacramento County Superior Court of two counts of assault and five counts each of second-degree robbery and attempted second-degree robbery. (ECF No. 17-1.) A number of sentencing enhancements were found true. On May 15, 2015, petitioner was sentenced to a determinate state prison term of 20 years. (ECF No. 17-1.)

2. Petitioner did not file an appeal.

3. Petitioner did not file a petition for review in the California Supreme Court.

4. On March 15, 2016, petitioner filed a petition for resentencing in the Sacramento County Superior Court. (ECF No. 17-2.) The petition was denied on March 28, 2016. (ECF No. 17-3.)

5. On July 16, 2020, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (ECF No. 17-4.) The petition was denied on September 11, 2020.[3] (ECF No. 17-5.)

6. On September 30, 2020, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 17-6.) The state appellate court denied the petition on October 16, 2020. (ECF No. 17-7.)

7. On November 1, 2020, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 17-8.) The California Supreme Court denied the petition on January 27, 2021. (ECF No. 17-9.)

8. On February 19, 2021, petitioner constructively filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

3. Calculation of Limitations Period

For purposes of calculating the limitations period in this case, § 2244(d)(1)(A) applies. Petitioner was sentenced on May 15, 2015. Because petitioner did not file an appeal, the judgment became final sixty days later on July 14, 2015. Cal. R. Ct. 8.38(a); Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012). The limitations period began the next day, July 15, 2015.

---

[3] This last reasoned opinion found petitioner's habeas petition was untimely and barred by In re Robbins, 18 Cal.4th 770, 811-12, 812 n.32 (1998), and In re Clark, 5 Cal.4th 750, 774 (1993). (ECF No. 17-5 at 3.)

Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Thus, the one-year limitation period commenced on July 15, 2015, and, absent tolling, expired on July 15, 2016.

### 4. Statutory Tolling

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

An application is "pending" until it has achieved final resolution through the state's postconviction procedures. Carey v. Saffold, 536 U.S. 214, 220 (2002). In California, a state habeas petition remains pending between a lower court's denial of it and the filing of a habeas petition in a higher state court as long as that period is "reasonable" under state law. Evans v. Chavis, 546 U.S. 189, 191-92, 198 (2006); see Carey, 536 U.S. at 222 (unlike most states, which "specify precise time limits, such as 30 or 45 days, within which an appeal must be taken," California "applies a general 'reasonableness' standard" when determining timeliness); Robinson v. Lewis, 9 Cal. 5th 883, 897 (Cal. 2020) ("California courts employ a reasonableness standard.").

Specifically, in determining reasonableness, California courts consider three factors. Robinson, 9 Cal. 5th at 897. First, "a claim must be presented without *substantial delay*," 'measured from the time the petitioner . . . knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim." Id. at 898 (internal quotations and citation omitted). Second, if the petition was filed with substantial delay, a petition may still be considered on the merits if the "petitioner can demonstrate *good cause* for the delay." Id. Third, even if the petitioner cannot demonstrate good cause for such substantial delay, the petition may be considered on the merits if it falls within four narrow exceptions, only three of which apply to noncapital cases: "(1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of

which he or she was convicted; and (3) that the petitioner was convicted or sentenced under an invalid statute." Id. (internal quotations and citation omitted). The California Supreme Court found that a safe harbor period of six months was unduly generous, and "might endanger gap tolling in federal court," instead adopting a safe harbor period of 120 days as reasonable. Id. at 901. "The petitioner bears the burden to plead and then prove all of the relevant allegations." Id.

State habeas petitions filed after the one-year statute of limitations expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

*First Interval*

From July 15, 2015, until March 15, 2016, the date petitioner filed the first petition in state court, no petition was pending. Thus, petitioner is not entitled to tolling for the initial 244 days that elapsed before the first state court petition was filed. At this point, 121 days of the one year limitations period remained.

*Tolling for First State Court Petition*

As argued by respondent, petitioner is entitled to tolling for the pendency of the first petition filed in state court. Thus, the limitations period was tolled from March 15, 2016, until March 28, 2016, the date the petition was denied. The limitations period began to run again the next day, March 29, 2016. Absent tolling, the federal statute of limitations period expired on July 28, 2016, or 121 days after the first state court petition was denied.

*Tolling for Second State Court Petition*

Petitioner did not file the second state court petition until July 16, 2020. Because the limitations period previously expired on July 28, 2016, prior to the filing of petitioner's second state habeas petition, and no state court petition was pending at that time, the petition is time-barred. Ferguson, 321 F.3d at 823; Davis v. Johnson, 359 F. Supp. 3d 831, 862 (2019) ("[O]nce the federal statute of limitations has run, a newly filed state petition does not reset the clock.").

Because the limitations period expired years before the filing of the second petition, petitioner is not entitled to tolling for the second or subsequent state court petitions.

5

Because petitioner unreasonably delayed before filing her second petition, she is not entitled to interval tolling. Over four years and three months (over 51 months) elapsed between March 28, 2016, the date the first state court petition was denied, and July 16, 2020, the date petitioner filed the second state court petition. Such delay was unreasonable under California state law and therefore cannot offer any interval tolling. Indeed, in Robinson, the California Supreme Court rejected the petitioner's argument that a safe-harbor period should be six months because, *inter alia*, "the United States Supreme Court observed that it did not 'see how an unexplained delay of . . . [six months] could fall within the scope of the federal statutory word "pending"'" Robinson, 9 Cal. 5th at 901 (quoting Evans v. Chavis, 546 U.S. at 201). Here, the over 51 month delay far exceeds six months. Petitioner identifies no good cause for such substantial delay. Finally, petitioner does not argue, and the petition does not allege, claims falling within the three narrow exceptions provided in Robinson. Id. at 898. Because petitioner's over four-year delay was not reasonable under California law, she is not entitled to interval tolling for such period.

*Timeliness Under § 2244(d)(1)(D)*

Section 2244(d)(1)(D) provides that the one-year limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (citing Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)).

Here, petitioner argues that she "learned of the changes in the law and the relief they might offer within the last twelve (12) months," and that her claims "were not known and understood by the petitioner until recently." (ECF No. 18 at 1, 2.) However, section 2244(d)(1)(D) starts the limitations period on the date the factual predicate to a claim could have been discovered. Because petitioner claims she only recently learned of changes in the law, and identifies no newly-discovered facts, this subsection is inapplicable. See Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005) ("the factual predicate" in § 2244(d)(1)(D) does not

encompass mere changes in law).

Moreover, to the extent petitioner argues that her claims support a later trigger date, such argument is unavailing. Petitioner challenges her plea, claiming it was not intelligent, knowing or voluntary because her attorney coerced her acceptance of the plea and she was under the influence of drugs, and argues she sustained ineffective assistance of counsel at sentencing because she was charged with a violent felony rather than a serious felony, received multiple sentences for the same act, and was denied sentencing credits. (ECF No. 1.) However, as argued by respondent, none of petitioner's claims are based on newly-discovered facts. As set forth above, the statute commences when the factual predicate is known or could have been discovered -- not when the factual predicate was actually discovered by petitioner, and not when petitioner understands the legal theories available to her or the legal significance of the facts that she discovered. Hasan, 254 F.3d at 1154 n.3. Petitioner fails to demonstrate that she could not have earlier discovered the facts supporting her claims. Because petitioner's claims are not based on any newly-discovered facts, subsection (d)(1)(D) provides no basis for a later trigger date for the statute of limitations.

*Conclusion*

Petitioner did not file her federal petition until February 19, 2021, over four and a half years after the limitations period expired on July 28, 2016. Thus, absent equitable tolling, this action is time-barred.

5. Equitable Tolling

Here, petitioner did not argue that she is entitled to equitable tolling. Rather, petitioner argues that her lack of legal knowledge or assistance and COVID-19 restrictions prevented her from earlier discovering facts supporting her claims, arguing for a later start date for the limitations to begin under section 2244(d)(1)(D). Petitioner provided no legal authority for such application, and, as set forth above, petitioner is not entitled to a later trigger date under section 2244(d)(1)(D). Therefore, the undersigned addresses petitioner's arguments in the context of equitable tolling.

The one-year statute of limitations for filing a habeas petition may be equitably tolled if

extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is only entitled to equitable tolling of the one-year statute of limitations if he shows: "'(1) that he [or she] has been pursuing his [or her] rights diligently; and (2) that some extraordinary circumstances stood in his [or her] way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An "extraordinary circumstance" has been defined as an external force that is beyond the prisoner's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted). In addition, petitioner must demonstrate that the "'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), quoting Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) ("petitioner entitled to equitable tolling 'since prison officials' misconduct proximately caused the late filing.'"); Grant v. Swarthout, 862 F.3d 914, 924 (9th Cir. 2017).

"The threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight", miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009). Equitable tolling is "a very high bar, and is reserved for rare cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). It is petitioner's burden to demonstrate that she is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner's arguments are unavailing for the following reasons.

It is well established that a prisoner's educational deficiencies, ignorance of the law, or

lack of legal expertise is not an extraordinary circumstance and does not equitably toll the limitations period.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); Waldron-Ramsey, 556 F.3d at 1013, n.4 ("While [petitioner's] pro se status is relevant, we have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.").  This is a harsh rule, but is the rule nonetheless.  Thus, petitioner is not entitled to equitable tolling because of her alleged ignorance of the law or lack of legal sophistication.

      Moreover, as argued by respondent, there is no right to counsel for collateral proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions.")  Therefore, petitioner's lack of counsel is not an extraordinary circumstance that prevented petitioner from timely filing the petition.  Similarly, petitioner's lack of legal assistance from other inmates is not an extraordinary circumstance.  Rather, a lack of access to a jailhouse lawyer is an "'ordinary prison limitation.'"  Dominguez v. Paramo, 2017 WL 11634054, at *2 (C.D. Cal. Jan. 31, 2017), (quoting Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009)).

      Further, petitioner's reliance on COVID-19 restrictions is unavailing because COVID-19 was not identified or confirmed until early 2020, long after the limitations period expired.  The California Department of Public Health first announced two confirmed cases of the novel coronavirus in California on January 26, 2020.[4] [5]  On March 19, 2020, as a result of the threat of COVID-19, Governor Newsom issued an executive order ordering all individuals living in the

---

[4] <https://www.cdph.ca.gov/Programs/OPA/Pages/NR20-001.aspx> accessed October 8, 2021.

[5] The court may judicially notice a fact not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is proper for public records whose accuracy is not in dispute.  See Anderson v. Holder, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("[A court] may take judicial notice of records and reports of administrative bodies." (internal quotation marks omitted)); United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003) (same).

State of California to stay home or at their place of residence.[6] Because the statute of limitations expired on July 28, 2016, any restrictions imposed on petitioner as a result of COVID-19 could not have impacted her timely filing.

Petitioner failed to demonstrate she is entitled to equitable tolling for her delay in filing this action. Therefore, this action should be dismissed as barred by the statute of limitations, with prejudice.

### C. Sentencing Claim Not Cognizable

In her third claim, petitioner claims she was "unconstitutionally denied" credits against her sentence in violation of the Sixth and Fourteenth Amendments. (ECF No. 1 at 8.) Respondent argues that such claim fails to raise a federal question. Petitioner failed to address such argument in her opposition. (ECF No. 18, *passim*.)

Petitioner's third claim for relief involves solely the interpretation and application of state sentencing law. As such, it is not cognizable on federal habeas review. See Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"); Rivera v. Illinois, 556 U.S. 148, 158 (2009) ("[A] mere error of state law. . . is not a denial of due process") (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982) and Estelle v. McGuire, 502 U.S. 62, 67, 72-73 (1991)); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas corpus relief does not lie for errors of state law); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). See also Logan v. Hubbard, 2008 WL 2074468, *1 (E.D. Cal. May 12, 2008) (claim that state court did not compute presentence credits correctly under California law does not raise federal constitutional question).

Petitioner's allegation that she was "unconstitutionally denied" such time credits does not alter her challenge; rather, such claim remains a challenge to the application of state sentencing laws. A habeas petitioner may not "transform a state-law issue into a federal one" merely by

---

[6] Cal. Exec. Order N-33-20 (Mar. 19, 2020), <https://www.gov.ca.gov/2020/03/19/governor-gavin-newsom-issues-stay-at-home-order/>, accessed October 13, 2021.

asserting a violation of the federal constitution. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). See also Wilson v. Corcoran, 562 U.S. 1, 17 (2010) ("It is not enough to note that a habeas petitioner asserts the existence of a constitutional violation; unless the federal court agrees with that assertion, it may not grant relief."); Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989) (challenge to the imposition of sentence based solely on a violation of California Penal Code § 654 not cognizable in a federal habeas proceeding).

The Sacramento Superior Court's determination that petitioner qualified for a strike enhancement under California Penal Code § 654, and calculated pre- and post-sentencing credits under California Penal Code § 2933.1, is binding on this court. See Bradshaw v. Richey, 546 U.S. 75, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

III.  Recommendations

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 16) be granted; and

2. This action (ECF No. 1) be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim for the denial of a constitutional right, and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Petrocelli v. Angelone, 248 F.3d 877, 883-84 (9th Cir. 2001) (quoting Slack v. McDaniel, 529

11

1 U.S. 473, 478 (2000)).  Any response to the objections shall be served and filed within fourteen
2 days after service of the objections.  The parties are advised that failure to file objections within
3 the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
4 F.2d 1153 (9th Cir. 1991).

Dated:  October 19, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mett0400.mtd.hc.sol